UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **RAMONA HARRELL** | * | **CIVIL ACTION NUMBER:** |
| | * | |
| | * | |
| **VERSUS** | * | **JUDGE** |
| | * | |
| | * | |
| **NAUTILUS INSURANCE COMAPY,** | * | |
| **ET AL.** | * | **MAGISTRATE JUDGE** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## NOTICE OF REMOVAL AND REQUEST FOR TRIAL BY JURY

Nautilus Insurance Company, Kwik Check of Winnfield, Inc. d/b/a The Winnfield Lodge, and Embers Restaurant of Louisiana, Inc. (collectively, "Defendants"), file this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441(a), 1441(b), and 1446 to remove the suit from the Eighth Judicial District Court in and for the Parish of Winn, State of Louisiana, in which it is now pending, to the United States District Court for the Western District of Louisiana, and states as follows:

**I.      Background and Procedural Requirements**

1. Nautilus Insurance Company, Kwik Check of Winnfield, Inc. d/b/a The Winnfield Lodge, and Embers Restaurant of Louisiana, Inc. are all named defendants in the matter captioned *"Ramona Harrell v. Nautilus Insurance Company, et al."* originally filed by Plaintiff, Ramona Harrell ("Plaintiff"), in the Eighth Judicial District Court for the Parish of Winn, State of Louisiana, under Docket Number 46944 ("State Court Action"). (*See* Exhibit "A"—State Court Pleadings *in globo*, Plaintiff's Petition for Damages).

2. Plaintiff filed a Petition for Damages (the "Petition") in the State Court Action on or about April 26, 2022. (*See* Exhibit "A"—Plaintiff's Petition for Damages).

3. This Notice of Removal is timely filed as the sheriff's office received a copy of the Petition on May 3, 2022, and thus Defendants were thereafter served with, or otherwise received, the Petition, or copy thereof, setting forth the claims for relief. Accordingly, this Removal is within thirty days of service of process as required by 28 U.S.C. § 1446(b)(2)(A)-(C), as computed pursuant to Fed. R. Civ. P. 6(a). (*See* Exhibit "B"— Citation from Clerk of Court).

4. Pursuant to 28 U.S.C. § 1446(a), Defendants attach as Exhibit "A" hereto a copy of all pleading filed in the State Court Action, including Plaintiff's Petition for Damages, Defendants Answer, as well as initial discovery propounded by Defendants upon Plaintiff.

## II. Complete Diversity Exists

5. Plaintiff alleges to be a resident of and domiciliary of the State of Minnesota. (*See* Exhibit "A"—Plaintiff's Petition for Damages, Introduction Paragraph).

6. No properly joined defendant in this suit is a citizen of the State of Minnesota, and as such all defendants, as shown below, are completely diverse from Plaintiff.

7. Nautilus Insurance Company is an Arizona entity, doing business in Louisiana, with its principal place of business located at 7233 E. Butherus Drive, Scottsdale, Arizona 85260. (*See* Exhibit "A"—Plaintiff's Petition for Damages, Paragraph I(1)).

8. Kwik Check of Winnfield, Inc. d/b/a The Winnfield Lodge is a Louisiana corporation with its principal place of business located at 700 W. Court Street, Winnfield, Louisiana 71483. (*See* Exhibit "A"—Plaintiff's Petition for Damages, Paragraph I(2) and the Consent to Removal on behalf of Kwik Check of Winnfield, Inc.).

9. Embers Restaurant of Louisiana, Inc., is a Louisiana corporation with its principal place of business located at 700 W. Court Street, Winnfield, Louisiana 71483. (*See* Exhibit

"A"—Plaintiff's Petition for Damages, Paragraph I(3) and the Consent to Removal on behalf of Embers Restaurant of Louisiana, Inc.).

10. XYZ Insurance Company is an unknown fictitious and/or nominal party whose citizenship is not considered for the purpose of removing an action to federal court. (*See* Exhibit "A"—Plaintiff's Petition for Damages, Paragraph I(4)). *Beiriger v. Medtronic Dofamor Danek USA, Inc.*, 2017 WL 8944085, at *4 (M.D. La. Nov. 30, 2017), *report and recommendation adopted*, 2018 WL 1958385 (M.D. La. Jan. 9, 2018).

11. Therefore, complete diversity exists between Plaintiff and all properly named and joined Defendants, Nautilus Insurance Company, Kwik Check of Winnfield, Inc., and Embers Restaurant of Louisiana, Inc., and this Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332.

### III.  Amount in Controversy

12. Plaintiff's Petition seek a monetary judgment against defendants, but it does not plead a specific sum demanded or amount in controversy. (*See generally* Exhibit "A"—Plaintiff's Petition for Damages).

13. Louisiana Code of Civil Procedure Article 893(A)(1) prohibits the inclusion of a specific monetary amount of damages "in the allegations or prayer for relief of any original, amended, or incidental demand."[1] Further, Article 893(A)(2) provides that where a petition is filed in violation of Article 893, "the claim for a specific monetary amount of damages shall be

---

[1] La. C.C.P. Art. 893(A)(1) specifically states, in pertinent part: "No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required…"

stricken upon the motion of an opposing party and the court may award attorney's fees and costs against the party who filed the petition."

14. Pursuant to 28 U.S.C. §1446(c)(2), Nautilus asserts that the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. In the Petition, Plaintiff alleges to have suffered "injuries to her neck, her entire back and whole body, as having sustained a fractured right foot with a chipped bone in the right foot, and severe sprain of the right foot and severe sprain of the left foot." (*See* Exhibit "A"—Plaintiff's Petition for Damages, Paragraphs X and XII (erroneously numbered as Paragraph X)).

15. Plaintiff's Petition itemizes Plaintiff's alleged items of damages as follows: (1) Past, present, and future physical pain and suffering; (2) past, present and future mental pain and suffering; (3) past, present and future medical bills; (4) loss of income and impaired earning capacity; (5) scarring and disfigurement; as well as (6) loss of enjoyment of life. (*See* Exhibit "A"—Plaintiff's Petition for Damages, Paragraph XII (erroneously numbered as Paragraph X)).

16. Louisiana courts have repeatedly awarded damages in excess of fifty thousand dollars ($50,000) for moderate ankle fractures. *See Arthur v. State, DHHR*, 605 So.2d 635 (La. App. 4 Cir. 1992) (awarding $65,000 for fractured ankles with residual pain and screws); *McGinty v. Pesson*, 96-850 (La. App. 3 Cir. 12/11/96), 685 So.2d 541(awarding $75,000 for a fractured ankle requiring bone fusion); *Dennis v. The Finish Line, Inc.*, 99-1414 (La. App. 1 Cir. 12/22/00), 781 So.2d 12 (awarding $75,000 for a fractured ankle requiring screw implants); *Bell v. Ayio*, 97-0543 (La. App. 1 Cir. 11/13/98), 731 So.2d 893 (awarding $80,000 for a broken ankle requiring screw implants); *Wiley v. Bayou Gaming, Inc.*, 13-1449 (La. App. 3 Cir. 7/2/14), 142 So.3d 1078 (awarding $80,000 for a fractured ankle requiring a plate and screws).

17. Louisiana courts have likewise awarded damages in excess of ten thousand dollars ($10,000) for single foot sprains. *See Minvielle v. Lewis*, 610 So.2d 942 (La. App. 1 Cir. 1992) (awarding $15,000 for foot and ankle sprain); *Laborde v. St. James Place Apartments*, 05-0007 (La. App. 1 Cir. 2/15/06), 928 So.2d 643 (awarding $20,000 for sprained ankle requiring soft cast with residual arthritis); *Sam v. Roberts*, 525 So.2d 657 (La. App. 3 Cir. 1988) (awarding $22,500 for soft tissue injury of ankle/foot requiring foot cast); *Johnson v. New Orleans Department of Street*, 94-1542 (La. App. 4 Cir. 2/23/94), 647 So.2d 1206 (awarding $25,000 for a twisted ankle and skinned knee accompanied by intermittent treatment).

18. As for the alleged scarring and disfigurement claimed by Plaintiff, awards of approximately five thousand dollars ($5,000) are common. *See Dufrene v. Duncan*, 634 So.2d 19 (La. App. 1 Cir. 1994) (awarding $3,000 for wound to lip and right check as well as three lacerations to scalp); *Green v. Nunley*, 42, 344 (La. App. 2 Cir. 8/15/07), 963 So.2d 486 (awarding $5,000 for facial lacerations resulting in scarring); Reed v. Arthur, 556 So.2d 937 (La. App. 3 Cir. 1990) (awarding $4,000 for headaches and shoulder scarring); *Doucet v. B & R Petroleum Services, Inc.*, 546 So.2d 626 (La. App. 3 Cir. 1989) (awarding $5,000 for lacerated forehead and tongue); *Le v. Nitetown, Inc.*, 10-1239 (La. App. 3 Cir. 7/20/11), 72 So.3d 374 (awarding $5,000 for lacerations to back of scalp requiring stitches).

19. In addition, just from the records in Defendants possession, Plaintiff has already incurred thirteen thousand dollars ($13,000) in expenses for medical treatment allegedly attributed to that fall the forms the basis of Plaintiff's claims. (*See* Exhibit "C"— Plaintiff's Medical Bills *in globo*)

20. Moreover, Plaintiff also alleges that she has suffered additional items of damages including past, present and future mental pain and suffering, future medical bills, loss of income and impaired earning capacity, and loss of enjoyment of life.

21. Plaintiff alleges that the negligence of Kwik Check of Winnfield, Inc. and/or Embers Restaurant of Louisiana, Inc., caused her above described injuries and damages. (*See* Exhibit "A"—Plaintiff's Petition for Damages, Paragraph XI).

22. Plaintiff generally prays for entry of judgment as to all damages allegedly suffered by Plaintiff. (*See* Exhibit "A"—Plaintiff's Petition for Damages, Closing Prayer).

23. Given the extent of Plaintiff's alleged injuries and damages, per the above quantum for some—but not all of Plaintiff's alleged damages—medical records provided by Plaintiff's counsel and the allegations of the Petition, Defendant respectfully submits that the amount in controversy exceeds $75,000, exclusive of interest and costs.

## IV.   Diversity Jurisdiction

24. This action is one over which the Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and which may be removed to this Court pursuant to 28 U.S.C. §1441, as it is a civil action in which there is complete diversity between the parties, and where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## V.   Venue

25. Venue is proper in this Court under 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the Western District of Louisiana is the federal judicial district encompassing the 8th Judicial District Court for Winn Parish, State of Louisiana, where this action was originally filed, and the federal judicial district encompassing Winn Parish, State of

Louisiana, where the actions alleged in the Petition occurred. (*See* Exhibit "A"—Plaintiff's Petition for Damages, Paragraph III).

## VI.   Effectuation of Removal

26.   Defendants hereby remove this action to the United States District Court for the Western District of Louisiana.

27.   By filing this Notice of Removal, all proper joined and named Defendants, Nautilus Insurance Company, Kwik Check of Winnfield, Inc., and Embers Restaurant of Louisiana, Inc., expressly consent to the removal.

28.   The allegations of this Notice were true at the time the State Court Action was commenced and remain true as of the date of filing of this Notice of Removal.

29.   The undersigned counsel hereby certifies that a copy of this Notice of Removal has been served upon all counsel, including counsel for the Plaintiff

30.   The undersigned counsel further certifies that a Notice of Filing of Notice of Removal, along with a copy of this Notice of Removal, which is attached hereto, will be promptly filed with the 8th Judicial District Court, Parish of Winn, State of Louisiana. (*See* Exhibit "D"— Notice of Filing of Notice of Removal).

## VII.   Relief Requested

31.   Defendants request the United States District Court for the Western District of Louisiana assume jurisdiction over the above-captioned action and issue such further orders as may be necessary to bring before it all parties necessary for trial of this suit by jury.

32.   Defendants further request a trial by jury on all issues triable by jury.

## VIII. Reservation of Rights

33. By this Notice of Removal, Nautilus does not waive any objections, defenses or affirmative defenses it may have to this action, intends no admission of fact and/or liability by virtue of this filing, and expressly reserves the right to supplement this Notice of Removal.

WHEREFORE, based upon this Honorable Court's original jurisdiction over diverse citizens, pursuant to 28 U.S.C. §1332, Nautilus Insurance Company respectfully requests this action proceed in this Honorable Court as an action properly removed from the 8th Judicial District Court for the Parish of Winn, State of Louisiana.

Respectfully submitted,

**DAVIDSON, MEAUX, SONNIER, MCELLIGOTT, FONTENOT, GIDEON & EDWARDS, LLP**

*S/JAMI L. ISHEE*
**ROBERT D. FELDER (#32448)**
**JAMI L. ISHEE (#35872)**
**JAMES H. DOMENGEAUX, JR. (#38193)**
**MYLES H. SONNIER (#39345)**
810 South Buchanan Street
Lafayette, Louisiana 70501
Ph.: 337.237.1660  Fax: 337.237.3676
rfelder@davidsonmeaux.com
jishee@davidsonmeaux.com
jdomengeaux@davidsonmeaux.com
msonnier@davidsonmeaux.com
Attorneys for Nautilus Insurance Company,
Kwik Check of Winnfield, Inc. d/b/a
The Winnfield Lodge and Embers Restaurant
of Louisiana, Inc.

## CERTIFICATE

I HEREBY CERTIFY that on this 2nd day of June, 2022, a copy of the above and foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system and that a copy of this filing has this day been forwarded to all counsel of record by depositing same in the U.S. Mail, postage prepaid and properly addressed.

*s/Jami L. Ishee*
**JAMI L. ISHEE**